Kennedy, J.
After commencement of proceedings to foreclose the lien filed by the plaintiff, the defendant, as the owner of the premises, served upon the plaintiff’s attorney an offer of judgment in the following form: “ The defendant, Louisa A. Hamlin, hereby offers to allow judgment to be taken against her in the action or proceeding for the sum of $200 less the claim of William J. Gillett, against Andrew J. Fargo and Curtis A. Fargo for lumber furnished them, and for which said William J. Gillett has filed a lien against the premises of the said Louisa A. Hamlin, with costs.”
It appeared upon the trial that Gillett, during the erection of the house by the plaintiffs, furnished to them a quantity of lumber which was used in its construction, and for which the plaintiffs were indebted to him. They included this lumber in the amount of their claim filed, and Gillett also filed a claim in his own name for the same.
The court before whom the trial was had, found the existence of both liens, that of the plaintiffs with interest amounting to $195.86, that of Gillett with interest $128.07, and directed that the premises be sold, and the amount of Gillett’s lien be paid out of the first money realized on the sale ; and that the amount so paid be deducted from the amount of the plaintiff’s lien, to wit, said $195.86, and that they be paid only the remainder thereof.
This judgment was more favorable to the plaintiffs than that contained in the offer in this: the offer was to allow the plaintiffs to take judgment for $200 less Gillett’s claim, thereby discharging theff lien to the extent of such claim, but leaving them still indebted to Gillett for the amount of his bill. The judg *299 ment orderea protects tbe plaintiffs’ lien in full, but provides that out of the proceeds on sale the amount of their indebtedness to .Gillett shall be first paid, thereby discharging that indebtedness out of the property of the owner.
The defendant, therefore, by the offer assuming that the same can be properly made in these proceedings, did not relieve herself from liability for costs accruing subsequent to the time the same was made.
The proceedings of the plaintiffs to foreclose their lien was a proceeding in equity. The court in the decision of the case did not award costs to either party. The contention by the defendant is that costs were wholly in the discretion of the court, and they, not having been adjudged to the plaintiffs, cannot be taxed in their favor. On the other hand, the plaintiffs insist that by the Laws of 1864, chap. 366, being a special act to secure mechanics in the County of Onondaga (the premises in quesiion being situated in the city of Syracuse, in said county,) costs followed the recovery, and that they are in no manner discretionary.
The Act referred to is entitled “ An Act for the better security of mechanics and others erecting buildings and furnishing materials therefor, in the County of Onondaga.” And so far as the question here involved provides: That upon the foreclosure of any such lien, if the amount of the claim established be fifty dollars or over, the plaintiff shall recover his costs and disbursements according to the same rates as in suits for the foreclosure of mortgages. (Sec. 3.)
The Act further provides for the foreclosure of the lien in the general manner now provided by the General Lien Law of the State. (Sec. 4.)
The general lien law provides that a lien may be foreclosed by an action if the amount be over fifty dollars, which shall be commenced by the service of a notice containing a statement of facts constituting the claim, etc. It then provides how an issue is to be made and tried. Chap. 402 of the Laws of 1854, Sec. 6.
The proceedings in this case were commenced by the service of a notice by the lienors as provided in the general Act.
In 1880, Chap. 486 of the laws of that year was passed an act entitled “ An Act to secure the payment of mechanics, laborers and workmen who perform work, also persons furnishing materials towards the erection, altering or repairing buildings, wharves and other structures in the cities of the State of New York.”
The Act provides for the filing of claims and the creation of liens in the several cities of the State, and for their enforcement, which shall be by civil action, commenced in any court of record in said city having equitable jurisdiction, etc. The action shall be commenced, carried on and judgment entered *300 and enforced as provided in action to foreclose a mortgage in the Code of Civil Procedure; and that costs for or against the parties litigant shall be in the discretion of. the court. It does not repeal any other act;
By chap. 342 of the Laws of 1885, which took effect May 27th, 1885, both the foregoing acts, together with the General Lien Law, were repealed. By this Act proceedings to foreclose are by actions commenced by summons, and costs are in the discretion of the court. Secs. 9 and 11. A saving clause in See. 28 provides that the' act shall not be so construed as to effect, enlarge, invalidate or defeat any lien or right to a lien now (then) existing, or any proceeding to enforce such lien now pending by virtue of any of the provisions of the Acts hereby repealed.
This action was tried on the 10th day of February, 1886, and after the Act of 1885, became effective.
The question of costs is, unless otherwise provided, to be determined by the law as it exists at the time the right or claimed right-to them accrued. In Smith v. Castlers, 5 Wend. 81, under a saving clause in a statute passed subsequent to the commencement of the action, and which changed the rule in relation to costs, reading as follows : “ All rights accrued or established are saved from its operation.” It was held that the new Statute controlled the question of costs, because the right to them did not accrue until after the statute had gone .into operation. In Baker v. Bartlett, 9 Wend., 493, the action being one to recover a penalty, and when it was commenced no costs was allowed to the prevailing party during its pendency, the statute was changed so as to give costs. The saving clause in the new law was : “ But actions already commenced shall proceed in all respects as if the law giving the penalty had not been repealed.”
It was held that the question of costs was governed by the repealed statute, and that neither party could recover costs.
In the Statute of 1885 the saving clause relating to actions and proceedings is : “ This Act shall not be so construed as to effect, enlarge, invalidate or defeat any lien or right to a lien now existing, or any proceedings to enforce such lien now pending by virtue of any of the provisions of the acts hereby repealed.”
Can it be said that the question of costs incident upon the determination of the action is any part of the proceedings to enforce a lien? I think not. The proceedings to enforce the lien under the statute as it stood when the action was commenced, as they might result, determine the question of the parties’ right to costs. That was simply an incident depending upon the result, and the right was not determined, nor did it exist until the end was reached, and then only as a sequence.
*301 In my judgment at the time the right to costs, if any, accrued in this proceeding the same were in the discretion of the court, and none having been awarded to the plaintiff, none can be allowed or taxed.
An order will be entered setting aside the taxation upon the ground that the plaintiffs are not entitled to costs, under the decision, but without costs of this motion.
It is claimed by the plaintiffs that the court has, since the decision, signified its intent to allow them costs. If this is so they ' perhaps have a remedy by application to correct the direction for judgment, so that the same shall conform to the purpose of the court in this regard, and the order to be entered will provide that it be without prejudice to any future action.